## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BILLY GOWANS, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6169** |
| | : | |
| **ZACHARY AXSOM**, *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**YOUNGE, J.**                                        **FEBRUARY 28ᵗʰ , 2025**

Plaintiff Billie Gowans, Jr., filed a *pro se* Complaint alleging "fraudulent inducement" related to a "reverse mortgage" entered into by his late mother, Evelyn Gowans.  Currently before the Court is Gowans's Amended Complaint (ECF No. 9) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 13).[1]  He names as Defendants Zachary Axsom (an individual), the Department of Housing and Urban Development ("HUD"), Compu-Link Corporation ("Compu-Link"), and First Mortgage Servicing Department ("First Mortgage").  For the following reasons, the Court will grant Gowans leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice.

### I.    FACTUAL ALLEGATIONS[2]

The allegations in the Amended Complaint are brief and somewhat difficult to follow.

---

[1]  Gowans's first submission to the Court appeared to lodge claims related to Social Security. (ECF No. 1.)  After he filed the operative Amended Complaint, the Court redesignated his case and reassigned it to the undersigned. (*See* ECF Nos. 10 & 11.)  Gowans then filed his Motion for Leave to Proceed *In Forma Pauperis* in response to the Court's Order. (*See* ECF Nos. 12 & 13.)

[2]  The allegations set forth in this Memorandum are taken from Gowans's Complaint. (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system.  Grammar, spelling, and punctuation errors in quotes from Gowans's submissions are cleaned up where necessary.

The Court understands Gowans to allege that in 2016, while she was "suffering from a severe case of mental problems, mainly dementia," his mother Evelyn entered into a reverse mortgage on her property at 1337 N. Hobart Street in Philadelphia, "without first consulting with family members or [Gowans], her caregiver." (Am. Compl. at 4.) He asserts that at some unspecified point Evelyn's doctor "ordered that [she] undergo two weeks of evaluation at the Philadelphia nursing home," and that at the end of the two weeks, she was to return home to 1337 N. Hobart. (*Id.*) Gowans alleges that the "mortgage company" considered this two-week stay at a nursing home "as if she moved out of her home," called Evelyn to tell her that she had "violated the terms of the contract by now living at the nursing home," and told her that they were going to foreclose on the home. (*Id.*) Gowans claims that the threat of foreclosure "took a very stressful effect" on Evelyn's mental health, and "as a result [she] died while in the nursing home," on October 28, 2018. (*Id.*)

Gowans asserts that, after Evelyn died, he "tried on numerous times to work out something with HUD." (*Id.* at 5.) He states that at HUD's urging, he had "a certified appraiser come to the property," and that the resulting appraisal on the home was $80,000, which Gowans "did not agree with." (*Id.*) Days after the appraisal, Gowans "received a letter from Compu-Link [(identified in the letter as a HUD contractor servicing the account)] demanding $164,528.65." (*Id.*; *see also id.* at 11-14 (attaching letters).) Gowans characterizes these events as asking Evelyn's family to "buy[] back a house that [they] already own." (*Id.* at 5.) He that Compu-Link and Zachary Axsom, who appears to be an employee of Compu-link, have made "threats" by phone to have him evicted from the property unless the balance of the mortgage is paid. (*Id.*; *see also id.* at 14.)

Gowans asks the Court to "order that the reverse mortgage company dismiss the contract that . . . Evelyn Gowans entered into [and] remove any liens that may be on the property." (*Id.* at

6.)  He also seeks injunctive relief to prevent Zachary Axsom "from making threatening phone calls" to Gowans about foreclosure and eviction.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Gowans leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Gowans's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Gowans is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness *sua sponte*."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted).

## IV.    DISCUSSION

### A.    Claims on Behalf of Evelyn's Estate

Gowans's Amended Complaint appears primarily to assert claims on behalf of his late mother Evelyn's estate, for example, his request for relief in the form of rescinding the reverse mortgage contract. (*See* Compl. at 6.) Under 28 U.S.C. § 1654, parties "may plead and conduct

their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

One such context is that of the representation of an estate. Although Gowans claims to have been his mother's "care giver" (Compl. at 4), he does not allege that he is the executor or administrator of his mother's estate, or that he is an attorney. Even if Gowans is the executor or administrator of his mother's estate, a non-attorney administering an estate may not bring claims

on the estate's behalf if the estate has beneficiaries besides the administrator and/or creditors because, in that case, "the interests of other parties are directly at stake." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 171 & n.3 (3d Cir. 2018); *see also Manorcare of Easton PA LLC v. Est. of Nagy*, 783 F. App'x 156, 157 (3d Cir. 2019) (*per curiam*) ("Appellant, who is not an attorney, may not represent the Estate pro se."); *In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) (citing *Rowland*, 506 U.S. at 201–02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court). Gowans does not allege that he is the sole beneficiary of Evelyn's estate and does not allege that there are no creditors of the estate; indeed, he could not, as his Amended Complaint appears to be based on the efforts of an estate creditor to collect a debt. *See Caputo v. Forceno*, No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors."); s*ee also Mosley v. Green*, No. 23-1665, 2023 WL 4935001, at *3-4 (E.D. Pa. Aug. 2, 2023) (claims brought by non-attorney *pro se* litigant as representative of estates were dismissed without prejudice where litigant did not allege he was named administrator of the estates or that was the sole heir of the individuals); *Estate of Twardy v. Lakes of Larchmont Condo Ass'n*, No. 15-6501, 2016 WL 2901664, at *1 (D.N.J. May 18, 2016) (*pro se* plaintiff purporting to represent a decedent's estate must demonstrate that the estate has no other beneficiaries or creditors) (*citing Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (*per curiam*) (*pro se* litigant could not prosecute claims on behalf of estate/heirs). Because Gowans has failed to allege that his mother's estate has no other beneficiaries or creditors, he may not represent her estate, and any claims asserted on behalf of the estate—which encompasses those related to the validity of the mortgage—will be dismissed without prejudice.

**B.    Gowans's Claims on his own Behalf**

It is not entirely clear whether Gowans may also be attempting to lodge claims on his own behalf.  Because the Amended Complaint contains no specific facts about the time between Evelyn's death in 2018 and Gowans's receiving the letters from the Defendants dated October 2024, the Court cannot discern Gowans's relationship to any claims.  In particular, Gowans asserts that Zachary Axsom and other individuals have threatened to have him evicted from the property at 1337 N. Hobart Street, but he does not indicate that any sale or other transfer of the deed has occurred or that any proceedings for foreclosure or eviction have commenced.  (Compl. at 5-6.)  Although he refers to the property as "a house that *we* already own" (*id.* at 5 (emphasis added)), he provides no details about who constitutes "we," or the administration of Evelyn's estate, including to whom the house passed upon Evelyn's death.[3]  Gowans claims to have tried "numerous times to work something out with HUD" and to have worked with an appraiser at HUD's suggestion, but he does not state when any of this took place or explain his relationship to the reverse mortgage and to the Defendants.  (*See id.*)  He does not indicate when any named Defendant or any other party involved in the reverse mortgage was notified of Evelyn's passing, or what prompted the Defendants to send a "Condolence Letter" in October 2024, six years after Evelyn's passing.  (*See id.* at 14.)  Additionally, although Gowans describes Axsom's phone calls as threatening and harassing, those are conclusory terms for which he has failed to provide any factual support such as in the form of the time, frequency, or content of any such phone calls.

---

[3]  To the extent that any of Gowans's claims arise from or relate to the management or distribution of Evelyn's real property and perhaps other aspects of her estate, under Pennsylvania law, the Orphans' Court Division of the Court of Common Pleas exercises exclusive jurisdiction over matters involving "[t]he administration and distribution of the real and personal property of decedents' estates."  20 Pa. Stats. and Cons. Stats § 711(1).

In sum, Gowans has failed to comply with Rule 8 as to any claims on his own behalf because he has not provided enough facts to support "cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94. Accordingly, his Amended Complaint is far too "vague and ambiguous" to proceed. *Id.*

## IV.    CONCLUSION

For the above reasons, the Court will grant Gowans leave to proceed *in forma pauperis* and dismiss his Amended Complaint. Any claims brought on behalf of his mother Evelyn's estate are dismissed without prejudice to reassertion through counsel, but Gowans will not be given leave to amend those claims in another *pro se* pleading, because such amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). As to any claims Gowans brings on his own behalf, in an abundance of caution and keeping in mind his *pro se* status, the Court will grant him an opportunity to develop his allegations by explaining in a second amended complaint the "who, what, where, when, and why" of his claims.[4] *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019) (cleaned up)). An appropriate order will be docketed separately.

BY THE COURT:

/s/ John Milton Younge
_____
JOHN M. YOUNGE, J.

---

[4] Nothing in this Memorandum prevents Gowans from raising his arguments as defenses to any future foreclosure or eviction proceedings in state court.