IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BILLY GOWANS, JR.,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6169 |
| | : | |
| **ZACHARY AXSOM,** *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**YOUNGE, J.**                                                                                                       **MAY 2, 2025**

*Pro se* plaintiff Billy Gowans, Jr., filed this civil action against Defendants Zachary Axsom (an individual), the Department of Housing and Urban Development ("HUD"), Compu-Link Corporation ("Compu-Link"), and First Mortgage Servicing Department ("First Mortgage"). In a prior Memorandum and Order, the Court dismissed Gowans's First Amended Complaint (the "FAC"). (*See* ECF Nos. 9, 14, 15.) Currently before the Court is Gowans's Second Amended Complaint (the "SAC"). (ECF No. 16.) For the following reasons, the Court will dismiss the SAC with prejudice.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

As explained in the Court's prior Memorandum, Gowans's claims are based on a dispute over the property at 1337 North Hobart Street in Philadelphia. (ECF No. 14 at 2.) In the FAC, Gowans purported to bring claims on behalf of himself and the estate of his late mother Evelyn, challenging the effects of a reverse mortgage that she executed on the property in 2016, and seeking to enjoin HUD, Compu-Link, and Axsom from collecting on the mortgage and evicting

---

[1] The allegations set forth in this Memorandum are taken from the SAC. The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Gowans's submissions are cleaned up where necessary.

Gowans (and possibly other family members) from the property. (*See generally id.* at 2-7.) The Court dismissed the FAC, explaining that Gowans could not represent the estate or any other parties as a *pro se* Plaintiff and that the claims brought on his own behalf were too vague and ambiguous to satisfy Federal Rule of Civil Procedure 8. (*See id.* at 4-7.) In dismissing the FAC, the Court granted Gowans leave to amend only the claims brought on his own behalf, and specifically instructed him that any second amended complaint must be a complete document that does not rely on the FAC or on any other previously filed document to state a claim. (*See id.* at 8; ECF No. 15 at 1.)

Gowans then filed the SAC, which contains even fewer factual allegations than the FAC. Gowans appears to name only Axsom as a Defendant. (SAC at 1.) He states that Axsom violated his Due Process rights under the Fifth and Fourteenth Amendments "by making direct phone calls" to Gowans asking if he is "still living in that property," presumably a reference to 1337 North Hobart Street, although Gowans does not specify. (*Id.*) He asserts that when he "would say yes we are, [Axsom's] answer would be oh ok that's no problem, [Axsom] can easily have [Gowans] evicted and then change the locks." (*Id.* at 1-2.) Gowans states that "Axsom constantly made [these] harassing phone calls" to him. (*Id.* at 2.) He further alleges that "contractors on a monthly basis come by the property with tools taking pictures of the door locks." (*Id.* at 3.) Gowans also states that "when Compu-Link sent an appraiser to the property it came to the amount of $80,000 then later stated $164,000." (*Id.* at 2.) The only statement that appears to seek relief is: "These violations must stop." (*Id.* at 3.)

II. **STANDARD OF REVIEW**

The Court previously granted Gowans leave to proceed *in forma pauperis*. (*See* ECF No. 15.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Second Amended Complaint as true, draw all reasonable inferences in Gowans's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Gowans is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d

at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## IV.     DISCUSSION

The SAC does not comply with Rule 8. The Court explained to Gowans in its February 28, 2025 Order that, should he choose to amend, he must file one complete pleading without referring to any other document filed in the case. He failed to do so. The SAC contains vague references to "that property" but does not include the address. He refers to actions of Axsom and Compu-Link but does not otherwise describe these parties, their relationship to him, or their connection to the property on Hobart Street. Gowans also does not state when any of the acts he complains of occurred.

"In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* "[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App' x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). So, to amend a complaint, a new filing must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted,* 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."). The Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time.

*See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)). In Gowans's case, this means that the Court cannot rely on the FAC or any other pleading to supplement the bare factual allegations in the SAC.

Moreover, the Court gave Gowans specific instructions as to the factual deficiencies in the FAC, and he failed to address them in the SAC. For example, the Court stressed that the FAC did not describe Gowans's relationship to the property at 1337 North Hobart, nor allege any facts regarding its present ownership, despite Gowans pleading that Evelyn had died in 2018.[2] (ECF No. 14 at 7.) As to Axsom's phone calls, the Court noted that Gowans merely made conclusory assertions that they were threatening and harassing, but "failed to provide any factual support such as in the form of the time, frequency, or content of any such phone calls." (*Id.*) The SAC has not cured those defects. Once again, "Gowans has failed to comply with Rule 8 as to any claims on his own behalf because he has not provided enough facts to support 'cognizable legal claims to which a defendant can respond on the merits.'" (*Id.* at 8 (quoting *Garrett*, 938 F.3d at 94).) Accordingly, the SAC must be dismissed.

## IV.    CONCLUSION

For the above reasons, the Court will dismiss the SAC. The Court concludes that further

---

[2] The Court notes that public records appear to list Evelyn Gowans as the owner of the property at 1337 North Hobart Street. *See* City of Philadelphia, Office of Property Assessment, *Property Search*, https://property.phila.gov/?p=043160200 (last visited May 1, 2025). The Court also notes that a public-records search of Philadelphia civil dockets does not reveal any active foreclosure or eviction proceedings related to the property. Nothing in this Memorandum or any other statement of the Court in this action should be understood to prevent Gowans from raising his arguments as defenses or claims in state court.

amendment of Gowans's claims would be futile, so the dismissal will be with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An appropriate order will be entered separately.

                                **BY THE COURT:**

                                **/s/ John Milton Younge**
                                **JOHN M. YOUNGE, J.**